EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SANTOS ARROYO, acusado y apelante.

No. 5053.—*Sometido:* Abril 28, 1933. *Resuelto:* Mayo 5, 1933.

*Burset & Pérez Pimentel,* abogados del apelante; *R. A. Gómez, Fiscal* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Santos Arroyo fué acusado y convicto de haber acometido y agredido a su hermano, Salvador Arroyo. El principal testigo de cargo fué Salvador Arroyo. Este declaró que el día a que se refiere la denuncia venía con Santos Arroyo del trabajo y cada uno llevaba un machete en la mano; que venían del trabajo discutiendo sobre cierto dinero que el referido Santos Arroyo le debía al testigo y que en esta discusión llegaron frente a la casa en donde vivían; que durante la discusión el acusado le dijo al testigo una palabra descompuesta, que el testigo le dijo al acusado que lo respetara porque él (el testigo) era mayor; que el acusado contestó que no respetaba al testigo si éste no lo respetaba a él y entonces el testigo le tiró con su machete a Santos Arroyo (el acusado) y le dió un planazo; que entonces el acusado le tiró al

testigo con el machete que portaba y lo hirió en el cuello; que el testigo volvió a tirarle al acusado dándole otro plazano con su machete, y que inmediatamente el acusado volvió a herir al testigo en la espalda; que el testigo le tiró al acusado siempre de plano; que nunca le tiró a cortarlo ni trató de cortarlo. El testigo fué examinado en corte abierta y se demostró que tenía heridas, mientras que el acusado no tenía ninguna. Esta es una relación substancial de los hechos del caso, que no son en realidad disputados.

Al terminarse el juicio, el acusado presentó una moción de *nonsuit* alegando la defensa propia. La corte declaró sin lugar la moción, y los autos revelan que dió sus razones para ello. Después de hacer un resumen de la prueba, la corte dijo que podía apreciar las heridas que Salvador Arroyo presentaba, que eran tres, todas por detrás, dos de ellas en el cuello y una en la espalda, y todas ellas de largas dimensiones, que Salvador Arroyo fué llevado al hospital; que el acusado no presentaba herida alguna; que éste sostenía que se trataba de un caso de defensa propia y solicitó que se declarase con lugar una moción de *nonsuit*. La corte manifestó que debía declarar sin lugar la moción; que el acusado optó por no declarar y por no presentar prueba alguna. Entonces la corte dictó sentenia condenando al acusado a tres meses de cárcel.

En apelación, el fiscal de esta corte habla de la actitud y de los motivos del testigo de cargo, quien según se demostró, lo que hizo siempre fué dar planazos con su machete. También se discute algo respecto a que como el testigo principal dió primeramente al acusado un planazo con su machete y después de recibir una herida le pegó nuevamente otro plazano, por lo menos la segunda herida dada por el acusado carecía de suficiente provocación.

Creemos que se ha apurado un poco este argumento. La cuestión tiene que ser apreciada desde el punto de vista del acusado. Ambos contendientes estaban armados de machetes, y cuando el testigo de cargo levantó el suyo para agredir al

acusado, no podía saber que su hermano no trataría de herirle en forma más severa. El acusado tenía derecho a creer, como hombre razonablemente prudente, que había sido objeto de un ataque que quizá podía producirle grave daño. Los indicios son que todos los golpes tuvieron lugar rápidamente. A este respecto, el fiscal usa la palabra "inmediatamente". También es posible que dos de los golpes dados por el acusado pudieran haber sido una respuesta continuada al primer ataque y que la segunda herida no fuera una mera respuesta al segundo golpe.

En circunstancias como las del presente caso, no podría esperarse que un hombre se detuviera a meditar si su agresor intentaba o no continuar acometiéndole, o aun herirle. No podemos convenir con la corte inferior en que éste no era un caso de defensa propia. Nadie tiene derecho a agredir a otra persona con un machete sin correr el riesgo de que ésta repela la agresión si está armada.

*Debe revocarse la sentencia y absolverse al acusado.*

El Juez Asociado Señor Córdova Dávila disintió.*